**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO CASIA-MACARIO, | No. 10-73504 |
| Petitioner, | Agency No. A070-930-625 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Francisco Casia-Macario, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings and review de novo questions of law. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's finding that Casia-Macario's experiences in Guatemala do not rise to the level of past persecution. *See Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc) ("Our caselaw characterizes persecution as an extreme concept, marked by the infliction of suffering or harm . . . in a way regarded as offensive.") (internal quotation marks and citation omitted). Substantial evidence also supports the BIA's finding that Casia-Macario did not establish a well-founded fear of future persecution in Guatemala. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative); *see also Molina-Estrada v. INS*, 293 F.3d 1089, 1095-96 (9th Cir. 2002). Accordingly, Casia-Macario's asylum claim fails.

Because Casia-Macario did not establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

10-73504

Further, substantial evidence supports the BIA's denial of CAT relief because Casia-Macario did not establish he more likely than not will be tortured if returned to Guatemala. *See Wakkary*, 558 F.3d at 1068.

Finally, Casia-Macario's contention that the IJ made a boilerplate adverse credibility finding lacks merit because the IJ found Casia-Macario credible. We lack jurisdiction to consider Casia-Macario's claim that his case was not fully developed because he did not exhaust it before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**